FILED

2020 May-06  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, as securities intermediary for LIFE PARTNERS POSITION HOLDER TRUST, on behalf of itself and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:18-CV-1290-KOB |
| PROTECTIVE LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Protective Life Insurance Company's

"Partial Motion to Dismiss Time-Barred Claims in the Amended Complaint or, in the

Alternative, to Require Plaintiff to Plead More Definitely." (Doc. 60).  Protective Life requests

that the court partially dismiss Plaintiff Advance Trust & Life Escrow Services' amended

complaint as untimely based on this court's previous memorandum opinion and order denying

judgment on the pleadings.  Alternatively, Protective Life requests that this court require

Advance Trust to allege more factual specifics about the alleged breaches of contract in this case.

This memorandum opinion also addresses Protective Life's "Motion to Certify Determinative

Questions to the Supreme Court of Alabama," (doc. 52), and subsequent "Submission of Revised

Question to Certify to the Supreme Court of Alabama," (doc. 80).

The court finds that an extremely limited grant of partial dismissal could be useful in this

case to clarify this court's previous memorandum opinion and Advance Trust's viable claims:

Advance Trust can recover *only* for breaches of contract, if any, that occurred within Alabama's six-year statute of limitations. Therefore, upon consideration of the submissions from the parties and for the reasons set forth below, the court will GRANT IN PART Defendant's partial motion to dismiss. However, the court will DENY WITHOUT PREJUDICE Defendant's motion for certification to the Alabama Supreme Court to once again give Protective Life a chance to revise its motion after considering this memorandum opinion, if it so chooses.

## I. Factual Background

Protective Life offers standardized "universal life" policies with flexible premiums, which serve as both life insurance and investment vehicles. (Doc. 48). Advance Trust owns Protective Life universal life policies issued in 1986, 1998, 1999, and 2005. These policies contain provisions for monthly cost of insurance ("COI") charges meant to reflect mortality risk assumed by the insurer. The policy language states that "[m]onthly cost of insurance rates *will be determined* by [Protective Life], based on [its] expectations as to future mortality experience" and that "*[a]ny change* in the monthly cost of insurance rates will be on a uniform basis for insureds of the same class." (Doc. 1-1 at 16) (emphasis added).

Protective Life apparently based the COI Rate Tables in the policies at issue on the "1980 CSO Mortality Table," an industry-standard mortality table that insurers commonly used at the time of policy issuance to calculate appropriate COI rates. Protective Life allegedly has not altered the applicable COI Rate Tables since policy issuance, despite the existence of at least two updated mortality tables—one from 2001 and one from 2015—showing improved life expectancy rates.

**II. PROCEDURAL POSTURE**

On August 13, 2019, Advance Trust filed a class action complaint alleging that Protective Life had failed to "periodically review the COI rates to confirm that they correctly capture the insurer's projected mortality costs" and to reduce the COI Rate Tables when expectations as to future mortality experience declined. (Doc. 1 at ¶ 3). Advance Trust also alleged that Protective Life impermissibly used factors other than expectations of mortality to calculate COI rates.

Protective Life filed an answer, (doc. 16), and subsequently moved for judgment on the pleadings, (doc. 25). In its motion for judgment on the pleadings, Protective Life argued that Alabama's 6-year statute of limitations and 20-year statute of repose barred Advance Trust's suit because any breach of contract occurred the first time Protective Life levied the charges set forth in the insurance policies. Advance Trust responded by arguing that Protective Life breached its ongoing duty monthly to ensure that its monthly charges abided by the terms of the contracts. (Doc. 31). Advance Trust also requested leave to amend its complaint to clarify its allegations. (Doc. 32).

This court entered a memorandum opinion denying Protective Life's motion for judgment on the pleadings. (Doc. 46). The court found that Advance Trust's complaint plausibly established "an ongoing duty to at least *periodically* update the policies' Rate Tables to reflect changes in life expectations" and that the ongoing duty had been breached at some point within the statute of limitations, though the court refrained from commenting on how often any breach occurred. (Doc. 46 at 6). After analyzing Alabama law, the court found that both the 6-year statute of limitations and the 20-year statute of repose in Alabama begin to run on each distinct cause of action arising from successive breaches of the same ongoing contract. The court stated that Advance Trust had plausibly alleged that "each time Defendant did not decrease

3

rates in view of improved life expectancy it breached the contract anew" and a new statute of

limitations and statute of repose began to run for each particular breach. (*Id.* at 11).

However, the court clearly stated that it did not "adopt wholesale" Advance Trust's

position that Protective Life breached the contract every time it charged an allegedly inflated

monthly premium. (*Id.* at 11–12). The court explained that, unlike allegations of monthly

breaches for failure to review and adjust COI charges, allegations of subsequent applications of

inflated rates after an alleged failure to adjust Rate Tables did not necessarily constitute

successive breaches or affect the running of the statute of limitations. The court found that

discovery would be necessary to determine the existence of any triggering events within the

statute of limitations that created a duty to review and adjust the COI Rate Tables and to

determine whether and, if so, when, Protective Life breached any ongoing duty.

Additionally, the court granted Advance Trust leave to amend its complaint. In its

amended complaint, Advance Trust seeks damages for any unlawful and excessive COI charges

charged during a class period beginning on August 13, 2012—six years before Advance Trust

filed its original complaint. (Doc. 48 at ¶ 1). Advance Trust alleges that mortality expectations

have improved dramatically over time, but Protective Life has not reduced its COI charges

accordingly. Advance Trust further alleges that Protective Life "is also wrongly 'basing' its COI

rates on factors not permitted by the contract." (*Id.* at ¶ 14). Advance Trust claims that this

court should hold Protective Life liable for breach of contract for determining and charging COI

charges during the Class Period "calculated using COI rates that were not based on Protective's

expectations as to future mortality experience," including overcharges that failed to reflect

mortality improvement. (*Id.* at 50).

After Advance Trust filed its amended complaint, Protective Life filed a "Motion to Certify Determinative Questions of Law to the Supreme Court of Alabama." (Doc. 52). In that motion, which the parties fully briefed, Protective Life sought to certify questions of law about the Alabama statutes of limitation and repose to the Alabama Supreme Court. The court has yet to rule on that motion.

During the pendency of the motion to certify questions to the Alabama Supreme Court, Protective Life also filed the instant partial motion to dismiss or for a more definite statement. After Protective Life filed its motion for partial dismissal, the court conducted a hearing on Protective Life's motion to certify questions to the Alabama Supreme Court. After that hearing, the court gave Protective Life another chance to formulate an appropriate question for certification to the Alabama Supreme Court.

Protective Life submitted a new proposed question for certification to the Alabama Supreme Court, which Advance Trust opposed. However, in its brief submitting a revised question, Protective Life also requested leave to submit a new revised question for certification to the Alabama Supreme Court that takes into consideration this court's decision on the instant motion for dismissal. (Doc. 80 at 2). In this memorandum opinion, the court seeks to move the horse in front of the cart by first determining the contours of the operative complaint before considering whether to certify questions related to that complaint to the Alabama Supreme Court.

## III. Standards of Review

### A.  Motion to Dismiss

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule

8 generally does not require "detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).  The Supreme Court has explained that "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting and explaining the Court's decision in *Twombly*, 550 U.S. at 570).

        B.  *Motion for a More Definite Statement*

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more

definite statement of a pleading to which a responsive pleading is allowed but which is so vague

or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Proving that a complaint is "so vague or ambiguous" as to reasonably preclude the preparation of

a responsive pleading is a "very high standard" to meet.  *Tolbert v. High Noon Prods., LLC*,

2019 WL 127363, at *3 (N.D. Ala. Jan 8, 2019) (Bowdre, J.).  Further, a party may not use

Rule 12(e) to circumvent the short and plain statement requirement or to obtain information that

can otherwise be obtained in discovery.  *See Herman v. Continental Grain Co.*, 80 F. Supp. 2d

1290, 1297 (M.D. Ala. 2000) ("A motion for a more definite statement under Rule 12(e) is not to

be employed as a substitute for pre-trial discovery proceedings.").

**IV. Discussion**

        A.  *Partial Motion to Dismiss*

In its partial motion to dismiss, Protective Life argues that Advance Trust's amended

complaint still contains claims that must be dismissed as time-barred under this court's

memorandum opinion denying judgment on the pleadings.  (Doc. 60).  In its brief in support,

Protective Life asserts that Advance Trust's complaint contains allegations of breaches that the court must dismiss because they occurred outside of the 6-year statute of limitations—namely, any alleged breaches related to the issuance of the policies or required adjustments in mortality expectations from more than 6 years before the filing of this suit. (Doc. 61).

In response, Advance Trust argues that nothing in the amended complaint alleges breaches outside of the statute of limitations, and, in fact, the complaint clearly delineates a 6-year class period for its claims that falls within the statute of limitations. (Doc. 67). Advance Trust specifically argues that this court's previous memorandum opinion allows for the *possibility*, because the court did not exclude that possibility, that breaches could have occurred every month that Protective Life charged an improper COI rate within the Class Period.

Protective Life replies that Advance Trust relies on events that happened outside of the statute of limitations and attempts to rely on a continuing contract theory, which Alabama does not recognize. (Doc. 68). Protective Life emphasizes that the court's previous memorandum opinion focused on successive breaches occurring within the statutory limitations period, not damages accruing during that period.

As an initial matter, the court reiterates one of the key findings from its earlier memorandum opinion: to the extent that Advance Trust alleges *breaches* of contract that occurred within the six years before it filed this suit, such claims survive the application of the statute of limitations. (Doc. 46). The court recognizes the need for discovery to determine whether and how often Protective Life breached its alleged duty to review and adjust COI rates. As the court stated previously, at this stage of the litigation Advance Trust plausibly alleges that Protective Life breached a duty to review and adjust COI tables every month; Advance Trust need not clearly state the precise time of the alleged breaches to survive a motion to dismiss. (*Id.*

7

at 17).  Accordingly, the court finds no basis to dismiss any of Advance Trust's allegations of *breaches* that occurred after August 13, 2012.

However, the court agrees with Protective Life that some of Advance Trust's claims appear to allege that it can recover for inflated COI charges where the *charges* were calculated and imposed within the statute of limitations, but those calculations were based on *breaches*—namely, failures to review and adjust mortality expectations—that occurred outside of the statute of limitations.  For instance, Advance Trust's amended complaint alleges that Protective Life breached its contracts during the Class Period by determining and charging COI rates "calculated using COI rates that were not based on Protective's expectations as to future mortality experience," including overcharges that failed to reflect mortality improvement.  (Doc. 48 at 50). While it is not entirely clear, this allegation appears to assert that Advance Trust should be able to be able to recover for every COI charge calculated based on an improper COI Rate Table, even if the breach of the alleged duty to review and adjust the COI Rate Table occurred earlier than 6 years before this lawsuit.

In other words, Advance Trust seems to seek recovery for all charges within the statute of limitations that do not reflect up-to-date mortality expectations, regardless of when Protective Life's responsibility to review those expectations arose.  Advance Trust also alleges that Protective Life imposed COI charges calculated based on impermissible factors not allowed by the contract but does not discuss when Protective Life began considering those factors or whether it has considered the factors since the contracts' inception.

To the extent that Advance Trust alleges that it can recover for continued charges based on breaches that occurred outside of the statute of limitations, the court finds that those claims must be dismissed.  The six-year statute of limitations in Alabama runs from the *breach* of a

contract, even in the absence of actual injury. *Am. Gen. Life & Accident Ins. v. Underwood*, 886

So. 2d 807, 813 n. 1 (Ala. 2004) (citing *Stephens v. Creel*, 429 So. 2d 278 (Ala. 1983)).  As such,

the Alabama Supreme Court has declined to recognize a "continuing contract doctrine" allowing

the statute of limitations to begin to run from the most recent time that a plaintiff experienced

harm from a breach of contract. *AC, Inc. v. Baker*, 622 So. 2d 331, 335 (Ala. 1993).  Further, as

a colleague on this court stated after examining *Baker*, even if the Alabama Supreme Court

"were inclined to allow a 'continuing contract' action, it would limit the action 'to those breaches

that occurred during the six years before the action was filed.'" *Pennsylvania Nat'l Mut. Cas.*

*Ins. Co. v. Progressive Direct Ins. Co.*, No. 6:14-CV-0038-SLB, 2015 WL 5719178, at *8 (N.D.

Ala. Sept. 30, 2015) (citing *Baker*, 622 So. 2d at 335).   The Supreme Court of Alabama has

recently cited *Baker* to reaffirm the proposition that the statute of limitations runs from the time

of breach, not the time of injury or damage. *Honea v. Raymond James Fin. Servs., Inc.*, 240 So.

3d 550, 567 (Ala. 2017).

Under this legal paradigm, Advance Trust cannot recover for *injury* sustained during the

period within the statute of limitations where the underlying *breach* that created the cause of

action occurred outside of the statute of limitations. *See Honea*, 240 So. 3d at 567.  As discussed

above, Advance Trust has *plausibly* alleged that Protective Life breached an underlying duty on

a monthly basis—those are not the allegations that the court addresses here.  But to the extent

that Advance Trust seeks to recover for inflated calculations and charges of COI rates that are

more properly characterized as damages from breaches occurring outside of the statute of

limitations—such as allegations of charges simply failing to reflect current mortality

expectations without an underlying failure to review and adjust COI rate tables—those claims

must be dismissed.  Claims relying solely on the application of impermissible factors in

9

determining COI rates face the same hurdle *if* those charges have been present since the inception of the contracts; Advance Trust must show a new breach within the statute of limitations, not merely the application of a policy that has been in place throughout the entirety of the contractual agreement.  Where Advance Trust alleges injury but not breach within the last six years, its claims cannot survive the statute of limitations and must be dismissed.  *See Iqbal*, 556 U.S. at 678.  Accordingly, to the extent that Advance Trust's amended complaint contains allegations of injuries based on breaches outside of the statute of limitations, the court dismisses those claims as time-barred and Advance Trust cannot recover for any resulting damages.

### B.  *Motion for a More Definite Statement*

As an alternative to dismissal, Protective Life argues that this court should require Advance Trust to re-plead because the current amended complaint qualifies as a shotgun pleading.  (Doc. 60).  Protective Life argues that the current complaint does not give adequate notice of the grounds upon which the claims rest.  Advance Trust responds that the fact-intensive nature of the application of the statute of limitations merits discovery, so the amended complaint suffices without re-pleading.  (Doc. 67).

As the analysis above demonstrates, some ambiguity remains in Advance Trust's amended complaint; nevertheless, the court finds that any ambiguities arise from a lack of discovery and do not meet the "very high standard" for the grant of a more definite statement under Rule 12(e).  *See Tolbert, LLC*, 2019 WL 127363, at *3.  Simply put, Advance Trust's allegations are not so vague that Protective Life cannot effectively prepare a response.  *See* Fed. R. Civ. P. 12(e).  As Advance Trust points out, Protective Life did in fact already file an answer to Advance Trust's original, very similar complaint.  (*See* Doc. 16).

In its amended complaint, Advance Trust has provided the policies at issue, allegations of breach, and the relevant policy language supporting those allegations.  The scope of those allegations provides the grounds of Advance Trust's entitlement and complies with the requirements of Rule 8.  *See Conley*, 355 U.S. at 47; Fed. R. Civ. P. 8(a).  The precise timing and manner of the breaches at issue can, and perhaps must, be fleshed out in discovery.  *See Herman*, 80 F. Supp. 2d at 1297.  Accordingly, the court finds that Advance Trust need not replead and denies Protective Life's motion for a more definite statement.

### C.  Motion for Certification to the Supreme Court of Alabama

Both this court's hearing on Protective Life's original motion to certify questions to the Alabama Supreme Court and the subsequent grant of an opportunity for Protective Life to reformulate a proposed question occurred after Protective Life filed its motion for partial dismissal or a more definite statement.  Protective Life begins its submission of a revised question for the Alabama Supreme Court by requesting the opportunity to submit another revised question following this court's decision on the instant motion for partial dismissal or for a more definite statement.  (Doc. 80 at 2).  The court sees little reason to address the issue twice when it can address it once and allow everyone a more up-to-date understanding of the case.  Therefore, the court finds that denying without prejudice Protective Life's pending motion for certification of questions to the Alabama Supreme Court provides the most equitable and economical course of action.  Protective Life may refile a revised question, should it so choose, that considers this memorandum opinion.

## V. CONCLUSION

For the most part, the court finds that Advance Trust's amended complaint passes muster and survives dismissal.  In an effort to promote clarity, the court dismisses any claims seeking to

recover for breaches that occurred more than six years before the filing of this lawsuit, to the extent that the complaint encompasses such claims.  Further, the court finds no need for Advance Trust to replead.  Accordingly, the court GRANTS IN PART and DENIES IN PART Protective Life's motion for partial dismissal or, in the alternative, for a more definite statement.

Finally, as stated above, the court finds that Protective Life should be given the opportunity to reformulate, should it so desire, its motion for certification of a question to the Alabama Supreme Court to comport with this opinion.  So, for the purposes of judicial economy, the court DENIES WITHOUT PREJUDICE Protective Life's motion for certification to the Alabama Supreme Court.  Should it choose to do so, Protective Life may file a renewed motion for certification on or before May 20, 2020.

**DONE** and **ORDERED** this 6th day of May, 2020.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE